Good morning, honors. May it please the court. My name is Patrick Valdez. I represent the petitioner in this matter. We contend the petitioner is eligible to apply for cancellation removal for certain legal permanent residence and that he was admitted in 1993 in a procedurally correct admission at the Port of Entry in San Ysidro, California. And for that reason, he'd be able to establish seven years of continuous residency in the United States for the purposes of the relief that he seeks. My client is a citizen and national of Mexico. He received his legal residency in 2006. And shortly thereafter, approximately six years, he suffered a conviction for a controlled substance crime, actually two of them. Removal proceedings commenced thereafter, and in those proceedings, he applied for cancellation of removal. That relief requires him to show that he has been a legal resident for five years, that he, for seven years, he had continuously resided in the United States after being admitted in any status, and that he had not suffered a conviction that constituted a crime for immigration purposes. If he had been stopped at the border rather than being waved through, did he have any basis for which he could have been legally admitted? It's our position that that's an evidentiary factor that we would hope to flesh out if the case is remanded. But if he was admitted, he would be eligible. Well, why don't you tell me sort of a proffer of proof. What would be the basis for which he could have been admitted? What do you have in mind? Well, the Board of Immigration Appeals, in the case of in the matter of key length time. I don't mean the citation. I'm asking for facts. You know, what is it that? He was 10 years old. He would testify that he recalls entering the United States, that he was in a car that was stopped by an immigration official, that that immigration official questioned the driver, and that driver responded to those questions, and that immigration official waved the car through, and he and the occupants of that car were. I don't think you answered my question. The question is, if he had actually presented himself, let's say he had walked across, and he had actually come face to face with an immigration official, was there some basis that he had for being admitted legally to the United States? Based on the representations that were made, he had no, we're not contending that he had any documentation that would have allowed him to enter the United States. And so you say documentation as opposed to status or facts. I mean, you mean like he didn't have papers with him? He didn't have papers. He wouldn't have a visa, or he wouldn't have evidence to show that he was a U.S. citizen. So if that is the case, if he could not, if he did not have any legal basis for being admitted,  How could that be an admission? It has to be a lawful admission, right? No, it does not. Respectfully, Your Honor, the relief that we're seeking doesn't require a lawful admission at all. In fact, all it requires is that he be admitted in any status. There have been courts that have recognized admissions and had held people accountable for admissions. In fact, this court, for admissions that were made in error, admissions that were in fact unlawful. Well, our court has not held the way you're asking us to hold. The Fifth Circuit has, but our court hasn't. I'm referring to Summers' Holder. This is an individual who was admitted as a legal permanent resident. It was a mistake. He tried to use that mistake for the purposes of applying for relief in front of the immigration court in the type of waiver that he was seeking to readjust. And in that case, this court acknowledged that although that admission was unlawful and that he should not have been granted admission, he was in fact admitted, and therefore the relief that he was seeking in front of the immigration court was foreclosed. What name, what was the name of that case? Summers' Holder. Okay, because I recall that the dissent from the denial of the petition for rehearing in bank in the Fifth Circuit relied extensively on our law, Ninth Circuit law, for its position that admitted in any status means legally admitted to immigrant or non-immigrant status. Well, there have been several instances where the courts have construed admitted in any status rather broadly. Did 8 U.S.C. 1101A13 define admission as lawful entry? We refer to admission as defined under 8 U.S.C. 1101A13A as being admitted. Nowhere under the ‑‑ I'm sorry, I didn't understand your answer. Admission is defined under the Immigration Nationality Act under 8 U.S.C. 1101A13A. 8? 8 U.S.C. 1101A13A. A13A. Yeah, it says lawful entry. Lawful in the sense that you've been admitted as opposed to somebody who's surreptitiously entered the country. I'm sorry, you define admission as admission? I mean, admission is a lawful entry. If you just define it as admission, this is circular definition. Our client was lawfully admitted. Our client did not hop the fence. He did not sneak into the border. He was actually presented at a port of entry at San Ysidro, and he was permitted to physically enter the United States. Now, legally, there may have been substantive issues with that, but it was an admission for immigration purposes as defined by the Board of Immigration Appeals in the matter of Key Lantan. Who was driving the car? Was he with people who had lawful status? We believe so. A relative, an aunt. What do you mean? So that's another thing. Would that make a difference? I mean, given that he was a minor. He was a minor. He was in the custody and the care of a relative. That relative, we believe, had legal status to enter the United States. We concede that he did not, but he was lawfully admitted. In other words, he presented himself at the border. It was a procedurally correct admission. So he presented himself at the border. He was inspected by an immigration official, and he was allowed to enter the United States. That, in and of itself, is a lawful admission. Now, whether or not he had a substantive status in terms of whether or not he had documents that allowed him to gain that lawful admission is a separate question. It's my reading that there's really no definition of admitted in any status for immigration, specifically status for immigration purposes. However, the statute that we're working with is one that really doesn't require lawful admission. It's admitted in any status, and it's our position that it's. . . Admitted means lawful. I mean, if you define the. . . I gather your position is that it was a lawful admission as opposed to an unlawful admission because he was admitted by a lawful waiver, even if it was mistaken it wasn't unlawful. Yes, Your Honor, we do. And you want to save your last two minutes for rebuttal? We do, Your Honor. Thank you, Your Honor. Good morning, and may it please the Court. Sergio Sarkany for Respondent. This Court should deny the instant petition for review. Salvador's purported 1993 wave-through at the border did not confer upon him a status under immigration law. If you were in the Fifth Circuit, your argument would be foreclosed, right? The Fifth Circuit majority has decided against the government's position. Well, the Fifth Circuit has. I don't mean majority. There was a very strongly and reasonably worded dissent. No, there was a dissent from the Fifth Circuit. A third of the Fifth Circuit, 10 to 5. So I'd say the Fifth Circuit's pretty firmly committed, and we would be in direct conflict with the Fifth Circuit. Yes, Your Honor, that's a correct statement. But you're asking us to create a circuit split. In this case, Your Honor, that is the Respondent's position. Okay, so have you filed a cert petition on the Fifth Circuit case as the government filed one before the Supreme Court? I believe that other personnel in my office are working on that cert petition, Your Honor. I am not. I'm not asking if you're working on it. I'm asking you whether you filed one or is the government intending to file one. Not to my knowledge. It's being considered, Your Honor. The time hasn't run? Yeah. Excuse me, Your Honor. The time for a petition for cert has not run yet? Correct. And the government is considering whether or not to file a petition for cert? Your Honor, I have been told that, correct. Whether or not. If they don't file it, then they're accepting the position of the Fifth Circuit, and you're coming here and arguing the opposite position. Your Honor, that may very well be true. It's not my decision. It's not my role. I'm not asking whether it's your decision, but isn't it kind of a, I mean, so the government intends possibly to take inconsistent positions in the Fifth and Ninth Circuit? Your Honor, if that cert petition is filed, then clearly we would be advocating for a decision here in the Ninth contrary to the Fifth and then unity at some later point. I assume that either you'll file or you won't. And lawful non-filing, would you take the position if cert were denied, would you ask us to take a different position than the Fifth Circuit? Yes, Your Honor. Okay. As an initial matter, this Court in vast parts of the El Conte. Can you notify us when the government decides whether it's going to seek cert or not? Certainly, Your Honor, I will. I mean, it's a 2015 decision from the Fifth Circuit. You're sure it's still timely? Your Honor, like I mentioned to the Chief Justice, I will definitely look into that and get back to the Court. But you don't really know what's going on, right? My level, Your Honor, no, but I have been told it's being considered. As an initial matter, this Court in vast parts of the El Conte noted that the INA does not define the phrase admitted in any status under 1229B, and so the Court looks first to the Board for its interpretation. The Board decision at issue here is blank as Laura. It addressed the meaning and scope of admitted in any status. There it noted that the term status is, quote, a term of art under immigration law and denotes someone who possesses, quote, a certain legal standing. That would be a classification as an immigrant or nonimmigrant. As a result, the Board concluded that the word any modified status under 1229B to include admissions of immigrants and nonimmigrants. Petitioner's case represents an extension. There's no such thing as a status as an unlawful illegal immigrant. Correct, Your Honor. Our position is that the term status is a term of art under immigration law and denotes exclusively the groups of aliens that are considered immigrants or nonimmigrants under the Immigration and Nationality Act. It's as if the word lawful appeared before status, and it doesn't. It does in certain parts of the INA, Your Honor. For example, lawfully admitted for permanent residence denotes a certain particular status, but there is no category for unlawful status as recognized in the INA, clearly. But there is such a thing as saying lawful status. There is, Your Honor, yes. However, in those instances, in my research at least, it refers exclusively to legal descriptions contained in the INA that allow defiant classes of aliens, again, immigrants or nonimmigrants, to reside lawfully within the United States, and it refers exclusively to those categories. The phrase basically denotes a requirement or condition that an alien must maintain before applying for a benefit. Let me just make sure I understand. There are places in the Immigration Code where the term lawful status is used. Correct, Your Honor. And this one doesn't use that term. It simply uses the term status. Any status, Your Honor. Well, that's better than status. It's correct. Any status. As in any of the recognized status. Clearly it doesn't say that, but that is the inference we seek to correct. Congress, we always pretend it knows what it's doing, and when it uses the word lawful status at one place and status at another, we assume Congress, in all of its wisdom, has meant to omit the term, the word lawful, in front of status. Yes, Your Honor, but we don't believe that that supports the petitioner's interpretation of the statute at issue here to mean that any status denotes unlawful or undocumented individuals in this country. As I was trying to argue a little earlier, lawful status is used in the INA mainly to describe a requirement or condition that an alien must maintain prior to applying for a benefit. For example, in the TPS, temporary protected status, you need lawful nonimmigrant status required to apply. You need maintenance of lawful status required to adjust to LPR status under 1225 A and C. Another example out of the INA would be foreign-born children who enter the United States to pursue citizenship. They must have been lawfully admitted and maintained a lawful status prior to their application for the benefit. And, for example, Your Honor, unlawful status is used, at least in my research, uniquely at 1225 A, A2, AB. But that's part of a 1982 amnesty law allowing those previously residing unlawfully to obtain permanent or temporary lawful status. And the reason for the reference to unlawful status in that context is obvious. Those here lawfully need not resort to the amnesty law and can use the regular immigration channels. Unlawful status means, rather, Your Honor, one who has forfeited lawful status, but it does not statutorily cover one who had no lawful status to begin with, as is the case with Petitioner here. Back to my threshold point, Your Honor, the Respondent's position is that Blancas Lora can be used as a published decision that controls this unpublished decision. If the Court considers that Blancas Lora requires a certain legal standing for an alien to have a recognized status under immigration law. Did the I.J. in this case find that he was admitted, but it was a mistake? Is that what the I.J. found? Well, as a finding of fact, the I.J. relied exclusively on the statements of counsel. There was no evidentiary hearing, no testimony, no sworn affidavit. In this case, yes. But it's not. We're assuming that Petitioner was mistakenly admitted, right? Erroneously admitted, mistakenly admitted, yes, Your Honor. The admission was procedurally regular, so the Respondent agrees with Petitioner on this point. It was an admission for the purposes of the statutory definition at the site mentioned earlier. However, under the rules of statutory construction, the Court is required to construe admitted in any status. It's not simply admitted. And both this Court and the Board have construed admitted in any status to be a broader concept than merely admitted. Petitioner's interpretation also renders the phrase in any status meaningless in 1229 B.A. 2. Under the rules of statutory construction, as this Court is well aware, the Court is required to lend meaning to the words of a statute, absent an absurdity. The statute should not be construed to render their provisions mere surplusage. If the seven-year residency requirement is issued... Sometimes you use words to emphasize when any status would sort of make it clear to you that we're talking about illegal as well as legal. And so we're switching positions sort of here. But sometimes words are used for emphasis. It may not actually be necessary, but to point out that it's not only in illegal status, but it's in any status. Yes, Your Honor. I respectfully disagree. Perhaps if Congress meant what you're suggesting, they would have stated regardless of status. But to adopt the petitioner's construction here, and to answer your question, Your Honor, to get rid of it, petitioner's construction basically means seven years after being admitted. But it renders the words in any status mere surplusage. What function does the phrase in any status perform if it really is just admitted? You could have put a period there and come to the same conclusion. And we probably would have been having a debate then about whether they really mean illegally as well as legally. Anyway, your time's up. Let me ask you one question. You don't have to answer if you feel you can't. But this is a case with a lot of equities. Someone was 10 years old when he came. He's been here 23 years. He has three United States-born children, 15, 9, and 5, I think, about this time. A United States wife, a citizen. His father's an LPR and lives here. He's paid his taxes 19 years after he was waived in. It's the kind of case, I think, that sometimes is deemed appropriate for mediation to see if it's one that the government really wants to pursue or whether it might be influenced by the equities. Do you have any position with respect to the question of mediation? Your Honor, I'd love to say that I do, but I do not. That's all right. My task has been to defend the statutory interpretation here, which we feel is an important one, obviously. No, but that's all right. You have no position at the moment with respect to mediation? Correct, Your Honor, at the moment. Thank you. Thank you. Thank you. What's your answer to opposing counsel's argument? He says it has to be admitted to any status. What status would your client have been admitted to? We would contend that based on the procedures that are typical at the border, that he was admitted as an immigrant, when that's something they would like the opportunity to demonstrate. But back to the issue of surplusage. So you think that when people are waived in, they are being admitted as immigrants? Well. They're sort of given a green card? No, no, no. They are sort of put on a pass to get a green card? The general procedure is written in. I know a little bit about what it's like to come in as an immigrant. We understand. And there's a lot of paperwork involved. There is. But as a general rule, everybody is presumed to be an immigrant unless they prove otherwise. That's written in the field manuals. I think what it's saying is you have to sort of assume that people who pretend to come here as tourists really want to stay forever because everybody knows, coming to America, everybody wants to stay. Anybody who's part of the immigration experience. Unless you're from Canada. Canada, they're sort of very happy to go back. But in terms of surplusage, if I may briefly comment, surplusage, we're not contending that we're ignoring in any status by virtue of acknowledging this admission. We're saying that the term in any status is a modifier to the admission. And what I believe Congress was trying to do, instead of listing each and every status that anybody could possibly receive while being admitted, they very efficiently gave us the words in any status, whatever status that may be. But there has to be some legal lawful status to which that person is entitled. I hate to use the word entitled. Not necessarily because this is a way that. Or possibly eligible. Maybe you're right. Entitled is a strong word. But what I do believe is that. But eligible. Is there any status, any lawful status for which your client at that point would have been eligible? I think the issue is that he was granted a status or he would not have been admitted to begin with. There's no such thing as being admitted and then not being admitted at any, with no status at all. Have you tried to mediate this through the Ninth Circuit mediation? The government hasn't approached us with that. Well, have you approached them with that? You're allowed to approach the government, too. No. They're very approachable. As you can see. Yes. That's always an option, Your Honor. Your Honors. The reason being that this is a particularly sympathetic case in which to make this legal point, which may be in doubt anyway. Because of the Fifth Circuit. We understand, Your Honor. Okay. Thank you. Thank you both very much. The case just argued will be submitted.
judges: Reinhardt, Kozinski, Wardlaw